# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DARIUS G. GARDNER, :
 :
    Petitioner, :
 :
v. : CIVIL ACTION NO.
 : 1:09-CV-2472-RWS
LOREN A. GRAYER, WARDEN :
and UNITED STATES BUREAU :
OF PRISONS, :
 :
    Respondent.

## **ORDER**

Now before the Court is Petitioner's Motion for Reconsideration [11] and Petitioner's Motion to Appeal *in forma pauperis* [12]. After considering the entire record, the Court enters the following Order.

## **Background**

Petitioner seeks to have the Court reconsider as well as to appeal *in forma pauperis* the Court's denial of his Petition for Writ of Habeas Corpus [1]. Petitioner sought to challenge the Federal Bureau of Prisons' ("BOP") calculation of his release date. The Court adopted Magistrate Judge C. Christopher Hagy's Report and Recommendation [5], denied the Petition for Writ of Habeas Corpus, and dismissed the action. (See Order of January 20,

2010, Dkt. No. [7]). After conducting a thorough examination of the method by which the BOP calculated Petitioner's release date, Judge Hagy concluded that Petitioner had failed to show that the calculation of his release date was incorrect and he therefore had not stated a claim for relief. Petitioner now seeks to have this Court reconsider its Order dismissing this action and for leave to appeal *in forma pauperis*.

## Discussion

### I. Motion for Reconsideration [11]

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." L.R. 7.2E, N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). Petitioner's Motion for Reconsideration does not offer new evidence, is not predicated on an intervening change in the law, and is not necessary to correct a clear error of law or fact upon which the Order was based. Therefore, Petitioner's Motion for Reconsideration [11] is **DENIED**.

### II. Motion to Appeal *In Forma Pauperis* [12]

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. In pertinent part, § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>    (A) shows . . . the party's inability to pay or to give security for fees and costs;
>    (B) claims an entitlement to redress; and
>    (C) states the issues that the party intends to present on appeal.
> . . .
> (3) . . . A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding. . . .

3

Thus, two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*. First, the party must show an inability to pay. Second, the appeal must be brought in good faith.

### A. Inability to Pay

Petitioner has submitted an affidavit demonstrating his inability to pay the filing fee required for an appeal. Having reviewed that filing, the Court finds that Petitioner has made the requisite showing. The Court therefore turns to examine whether Petitioner has satisfied the good faith requirement.

### B. The Good Faith Standard

An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962); Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999); United States v. Wilson, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), aff'd., 896 F.2d 558 (11th Cir. 1990). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th

4

Cir. 1993). Stated differently, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Alabama Pub. Serv. Comm'n., 936 F.2d 512, 515 (11th Cir. 1991).

Both § 1915(a) and Rule 24(1) require the individual seeking to appeal *in forma pauperis* to submit a statement of good faith issues to be appealed. See, e.g., FED. R. APP. P. 24(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. Martin v. Gulf States Util. Co., 221 F. Supp. 757, 760 (D.C. La. 1963).

Petitioner has not directed the Court to any issue he intends to raise on appeal. Having reviewed Petitioner's filings, the Court cannot perceive any arguable legal issue raised by Petitioner which might be resolved in Petitioner's favor. Accordingly, the Court **CERTIFIES** that Petitioner's appeal is not taken

5

in good faith. Petitioner's Motion to Appeal *in forma pauperis* [12] is hereby **DENIED**.

## Conclusion

For the reasons stated herein, Petitioner's Motion for Reconsideration [11] is **DENIED**, Petitioner's Motion to Appeal *in forma pauperis* [154] is **DENIED,** and the Court hereby **CERTIFIES** that Petitioner's appeal from its Order of January 20, 2010, would be frivolous and not brought in good faith.

**SO ORDERED**, this  19th  day of February, 2010.

_____
**RICHARD W. STORY**
United States District Judge

6